**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| STANISLAV FILAPPOV, *Plaintiff*, v. MARCO RUBIO, Secretary of State, *et al.*, *Defendants*. | Civil Action No. 25 - 3492 (SLS) Judge Sparkle L. Sooknanan |

## MEMORANDUM OPINION

Stanislav Filippov, a dual citizen of Sweden and Russia, applied to renew his E-2 visa in June 2024.[1] He was interviewed in September 2024, and his application has remained in administrative processing since then. In September 2025, he sued seeking an order compelling the Defendants to adjudicate his application. The Defendants, in turn, have moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). While this Court acknowledges the hardship that Mr. Filippov has experienced because of this delay in visa processing, it must dismiss his Complaint because he has failed to state a plausible claim of unreasonable delay.

## BACKGROUND

The Court draws the facts, accepted as true, from the Plaintiff's Complaint and attachments. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023).

Mr. Filippov is a dual citizen of Russia and Sweden who has lived and worked in the United States for several years under an E-2 visa. Compl. ¶ 12. "The State Department issues E-2

---

[1] The Plaintiff's last name is listed in the caption of his Complaint as Filappov. But it appears, based on the rest of the Complaint and its attachments, that the correct spelling is Filippov. The Court thus uses Filippov.

nonimmigrant visas to certain foreign nationals who seek to operate commercial enterprises in which they have already invested 'a substantial amount of capital.'" *Hojjatoleslami v. Rubio*, No. 24-cv-2871, 2025 WL 2159196, at *2 (D.D.C. July 30, 2025) (citing Foreign Affs. Manual § 402.9-2(a)). By September 2024, Mr. Filippov had submitted all the requisite paperwork to apply for a two-year renewal of his visa and had completed an interview at the United States consulate in Stockholm, Sweden. Compl. ¶¶ 15–21. Since then, Mr. Filippov has followed up with the embassy multiple times regarding the status of his application and has repeatedly been informed that his application remains in "administrative processing." Compl. ¶¶ 22–23. In the meantime, he has been unable to return to the United States, which has compromised his ability to meet his professional and financial obligations, forced him to adopt a difficult work schedule, and caused emotional strain that contributed to his divorce. Compl. ¶¶ 24–28.

In September 2025, Mr. Filippov sued the Secretary of State and other officials charged with overseeing the United States' immigration system. *See generally* Compl. He alleges that the Defendants have unreasonably delayed adjudicating his E-2 visa application, and he seeks a writ of mandamus and relief under the Administrative Procedure Act (APA). Compl. ¶¶ 2–4. In December 2025, the Defendants moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Mot. Dismiss, ECF No. 5. That motion is fully briefed and ripe for review. *See* Opp'n, ECF No. 7; Reply, ECF No. 8.

## LEGAL STANDARD

Under Rule 12(b)(6), a court will dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When reviewing a motion to dismiss under Rule 12(b)(6), courts 'must construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from

the facts alleged.'" *Sadiq v. Rubio*, No. 25-cv-2448, 2026 WL 913084, at *1 (D.D.C. Apr. 3, 2026) (quoting *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012). But courts need not accept as true "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the complaint. *See Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## DISCUSSION

In support of dismissal, the Defendants argue that the State Department is not obligated to adjudicate visa applications and that the doctrine of consular nonreviewability bars Mr. Filippov's claims. Mot. Dismiss 4, 9. "The Court has previously addressed and rejected identical arguments in similar cases." *See, e.g., Sadiq*, 2026 WL 913084, at *2 (collecting cases). Here, however, "the Court need not address these arguments because, even assuming that [Mr. Filippov] prevails on those issues, his claims ultimately fail." *Id.*; *see Dep't of State v. Muñoz*, 602 U.S. 899, 908 n.4 (2024) ("[T]he doctrine of consular nonreviewability is not jurisdictional[.]"); *Sereshti v. Gaudiosi*, No. 24-cv-1288, 2024 WL 4625802, at *6 (D.D.C. Oct. 30, 2024) (assuming without deciding the existence of a nondiscretionary duty and collecting cases).

"The standards for reviewing agency inaction—including visa processing delays—are the same under the APA and Mandamus Act, so the Court will address both claims together." *Thein*, 2025 WL 2418402, at *10 (quoting *Doroodchi v. Rubio*, No. 24-cv-3170, 2025 WL 1865114, at *2 (D.D.C. July 7, 2025)). "Unreasonable delay is measured by six factors derived from a single case: . . . *Telecommunications Research and Action Center v. F.C.C.* (*TRAC*), 750 F.2d 70 (D.C. Cir. 1984)." *Motevali*, 2025 WL 885116, at *6. The so-called *TRAC* factors are:

> (1) The time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare

3

are at stake; (4) the court should consider the effect of expediting delayed action on agency activities or a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is "unreasonably delayed."

*In re People's Mojahedin Org. of Iran*, 680 F.3d 832, 836–37 (D.C. Cir. 2012) (per curiam) (quoting *In re United Mine Workers of Am. Int'l Union*, 190 F.3d 545, 549 (D.C. Cir. 1999)). "[C]ourts applying the *TRAC* factors at the motion-to-dismiss stage apply them 'not to determine whether there has been an unreasonable delay, but to determine if a plaintiff's complaint alleged facts sufficient to state a plausible claim for unreasonable administrative delay.'" *Motevali*, 2025 WL 885116, at *6 (quoting *Giza v. Blinken*, No. 23-cv-1641, 2024 WL 3967284, at *5 (D.D.C. Aug. 27, 2024)). Here, Mr. Filippov's Complaint fails to adequately allege a claim of unreasonable delay.

### A.    *TRAC* Factors One and Two

"The first two *TRAC* factors focus on the extent of and reasons for the agency delay." *Thein*, 2025 WL 2418402, at *12 (quoting *Afghan & Iraqi Allies v. Blinken*, 103 F.4th 807, 816 (D.C. Cir. 2024)). "The first factor, which is 'the most important consideration under *TRAC*,' is that 'the time agencies take to make decisions must be governed by a rule of reason.'" *Id.* (quoting *Afghan & Iraqi Allies*, 103 F.4th at 816). Further, "[t]he second factor 'gives content to the first': 'where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason.'" *Id.* (quoting *Afghan & Iraqi Allies*, 103 F.4th at 816).

Mr. Filippov contends that 8 U.S.C. § 1571—which suggests a thirty-day maximum for processing nonimmigrant visas—provides the relevant timetable. Opp'n 16–17. The D.C. Circuit, however, has held that Section 1571 is "insufficient to set a deadline" and is merely "aspirational." *Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 344 (D.C. Cir. 2023). Mr. Filippov also

4

points out that "his prior E-2 visa application was completed in approximately three weeks" and that his colleagues "have routinely received decisions within weeks." Opp'n 12. But this prior practice does not provide a rule of reason that binds the Government. The Court understands Mr. Filippov's frustrations that he is not a first-time E-2 visa applicant and has lawfully resided in the United States for several years. Opp'n 15. But "without a mandatory timetable for which visas must be adjudicated, courts in this District 'typically turn to case law as a guide,' and here, case law is firmly on the Defendants' side." *Motevali*, 2025 WL 885116, at *7 (quoting *Niyomwungere v. Blinken*, No. 24-cv-1990, 2024 WL 5075827, at *4 (D.D.C. Dec. 11, 2024)). "Courts in this District label delays 'between three to five years' as reasonable and generally extend the 'unreasonable' label to delays more than five years." *Id.* (quoting *Ahmed v. Blinken*, 759 F. Supp. 3d 1, 12 (D.D.C. 2024)).

"Under this District's prevailing approach, '[t]he proper method for calculating delay . . . is the length of time between the last action the government took on a visa application and the filing of plaintiff's complaint.'" *Sadiq*, 2026 WL 913084, at *3 (quoting *Isse v. Whitman*, No. 22-cv-3114, 2023 WL 4174357, at *6 n.4 (D.D.C. June 26, 2023); *accord Motevali*, 2025 WL 885116, at *7; *Barazandeh v. U.S. Dep't of State*, No. 23-cv-1581, 2024 WL 341166, at *7 n.7 (D.D.C. Jan. 30, 2024)). Here, Mr. Filippov completed his interview in September 2024 and filed his lawsuit in September 2025. His relevant delay, therefore, was approximately twelve months. "While there is currently no bright line that makes a delay per se unreasonable," *Motevali*, 2025 WL 885116, at *7 (cleaned up), twelve months does not suffice. Consequently, *TRAC* factors one and two favor the Defendants.

### B.    *TRAC* Factors Three and Five

"These factors 'focus on the interests affected by agency delay.'" *Thein*, 2025 WL 2418402, at *13 (quoting *Afghan & Iraqi Allies*, 103 F.4th at 817). "*TRAC* factor three specifically asks whether 'delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake.'" *Motevali*, 2025 WL 885116, at *8 (quoting *TRAC*, 750 F.2d at 80). "Relatedly, *TRAC* factor five evaluates the 'nature and extent of the interests prejudiced by delay.'" *Id.* (quoting *Da Costa*, 80 F.4th at 344).

Mr. Filippov alleges that the Defendants' delay in processing his visa application has "harmed [his] physical and mental health, destabilized his professional standing and future employability, and destroyed his family life." Compl. ¶ 28. He alleges that the delay has forced him to work late nights to account for the time difference with his colleagues and clients, which has caused health issues and negatively impacted the quality of his work. Compl. ¶¶ 25–26. He also states that the uncertainty of his visa status factored into his divorce and forced him to give up his residence in the United States. Compl. ¶ 27. These alleged harms mean that "*TRAC* factors three and five . . . tip slightly in [Mr. Filippov's] favor." *Hussain v. Baker*, No. 25-cv-3075, 2026 WL 1815522, at *3 (D.D.C. June 24, 2026) (first citing *Rashidian v. Garland*, No. 23-cv-1187, 2024 WL 1076810, at *9 (D.D.C. Mar. 8, 2024); and then citing *Ahmadi v. Scharpf*, No. 23-cv-953, 2024 WL 551542, at *6 (D.D.C. Feb. 12, 2024)).

### C.    *TRAC* Factor Four

"The fourth factor addresses the effect of expediting delayed action on agency activities of a higher or competing priority." *Thein*, 2025 WL 2418402, at *13 (cleaned up). "This factor strongly disfavors plaintiffs whose request is akin to cutting the line of applications ahead of them, which would 'disrupt competing agency priorities with no overall improvement in the agency's

6

backlog.'" *Motevali*, 2025 WL 885116, at \*8 (cleaned up). "This factor is important, as the D.C. Circuit has 'refused to grant relief, even though all the other factors considered in *TRAC* favored it, where a judicial order putting the petitioner at the head of the queue would simply move all others back one space and produce no net gain.'" *Thein*, 2025 WL 2418402, at \*13 (quoting *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003)).

The Defendants argue that granting mandamus relief in this case would constitute such queue-jumping. Mot. Dismiss 16. Mr. Filippov responds that he is requesting the adjudication of a single visa rather than a reordering of the entire visa queue, and that regardless "there is no evidence in the record, at this preliminary stage, to support" that a queue exists. Opp'n 18–19. "But at the motion-to-dismiss stage, the focus is on the 'factual matter' alleged in the Complaint." *Sadiq*, 2026 WL 913084, at \*4 (citing *Ashcroft*, 556 U.S. at 678). Mr. Filippov's argument that the Defendants do not process visa applications in a queue is "entirely speculative" because his Complaint "pleaded no facts to support it," nor did he point the Court to facts of which it could take judicial notice. *Id.* (citing *Niyomwungere¸* 2024 WL 5075827, at \*5). "In similar cases—*i.e.*, challenges to visa-application delays in which the complaint is silent about the effect of relief on other visa applicants—courts have held that this factor factors defendants." *Id.* (collecting cases). Here, too, the Court concludes that this factor favors the Defendants.

### D.   *TRAC* Factor Six

Finally, the sixth *TRAC* factor "notes that 'the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.'" *Afghan & Iraqi Allies*, 103 F.4th at 820 (quoting *TRAC*, 750 F.2d at 80). Here, while Mr. Filippov contends that the Defendants "do not provide a sound justification for the delay," he has not alleged any impropriety. Opp'n 20. This factor is neutral.

\*       \*       \*

The Court recognizes Mr. Filippov's understandable frustration with the Government's delay in adjudicating his visa renewal and the harms that he has allegedly suffered as a result. Nevertheless, three of the *TRAC* factors—including the most important factors—weigh in favor of the Defendants and one is neutral. The Court is thus compelled to conclude that Mr. Filippov's Complaint fails to plausibly allege facts stating a claim for unreasonable delay. Accordingly, the Court must dismiss the Complaint.

### CONCLUSION

For the foregoing reasons, the Court grants the Defendants' Motion to Dismiss, ECF No. 5. A separate order will issue.

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:   August 10, 2026